T.C. Summary Opinion 2009-73


UNITED STATES TAX COURT



TOMMIE LEE TRUSSELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20460-06S.                    Filed May 11, 2009.


Tommie Lee Trussell, pro se.

<u>Brooke W. Patterson</u>, for respondent.



WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]All subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,440 in petitioner's 2004 Federal income tax. The issues we must decide are: (1) Whether petitioner is entitled to a dependency exemption deduction for an unrelated minor child; and (2) whether petitioner is entitled to the earned income credit as an individual with an unrelated child.

## Background

Some of the facts were stipulated for trial pursuant to Rule 91. The parties' stipulations are incorporated into this opinion by reference and are found accordingly. At the time of filing the petition, petitioner resided in Mississippi.

ST[2] was born in 1995 and is a minor child of Ginger Venear Terry. Petitioner is not related to ST, and during 2004 petitioner never resided with ST. During 2004 petitioner provided less than one-half of ST's support.

For taxable year 2004 petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, and, in that return, petitioner claimed a dependency exemption deduction and an earned income credit.

---

[2]The Court refers to minor children by their initials. Rule 27(a)(3).

On July 3, 2006, respondent sent petitioner a notice of deficiency for 2004 in which respondent determined that petitioner is not entitled to a dependency exemption deduction or an earned income credit.

## Discussion

### Dependency Exemption Deduction

In order to be entitled to a dependency exemption deduction, petitioner must prove that he meets the requirements of sections 151 and 152.[3]

For 2004,[4] section 151(c)(1) provides that an exemption is allowed for each person who is a dependent of a taxpayer as defined in section 152 if the following requirements are met: (a) The individual for whom an exemption is claimed is a son, daughter, stepson, stepdaughter, sibling, parent or other ancestor, stepparent, niece, nephew, aunt, uncle, certain relatives-in-law, or an individual other than the taxpayer's spouse who, for the taxable year of the taxpayer, has as his or her principal place of abode the home of the taxpayer and is a member of the taxpayer's household; (b) over one-half of the

---

[3]Petitioner has not raised sec. 7491, and therefore it does not apply. Consequently, petitioner bears the burden of proof. See Rule 142(a).

[4]The Working Families Tax Relief Act of 2004 (WFTRA), Pub. L. 108-311, sec. 206, 118 Stat. 1176, amended sec. 151, effective for tax years beginning after Dec. 31, 2004. WFTRA sec. 201, 118 Stat. 1169, amended sec. 152, effective for tax years beginning after Dec. 31, 2004.

individual's support for the taxable year is received from the taxpayer; and (c) the individual's gross income is less than the exemption amount or the individual is the taxpayer's child who is younger than age 19 or is a student younger than age 24. Secs. 151(c), 152(a).

Petitioner bears the burden of proof. As to ST, petitioner is not entitled to a dependency exemption deduction for 2004 because petitioner has failed to show that ST resided with him as part of his household for the entire year and that petitioner provided more than one-half of ST's support.

Section 152(a)(9) requires that to be entitled to a dependency exemption deduction for a person not related to the taxpayer, the taxpayer must show that the individual for whom the dependency exemption deduction is sought has lived with the taxpayer as part of the taxpayer's household for the entire taxable year.

The record shows that during 2004 ST never resided with petitioner.

In addition to the residency requirement, to be entitled to a deduction for a dependency exemption a taxpayer must establish the total support costs expended on behalf of the claimed dependent from all sources for that year and must demonstrate that he or she provided over one-half of that amount. Daya v.

Commissioner, T.C. Memo. 2000-360; sec. 1.152-1(a)(2), Income Tax Regs.

Petitioner failed to prove that he provided more than one-half of ST's support for 2004. At trial Ginger Venear Terry, ST's mother, testified that she provided more than one-half of ST's support. Other than his own self-serving testimony, which we do not find credible in light of Ms. Terry's opposing testimony, petitioner has offered no evidence to refute Ms. Terry's testimony or to substantiate in any way that he provided more than one-half of ST's support.

On the basis of the meager record, petitioner has failed to meet his burden of proof regarding his claimed dependency exemption with respect to ST for 2004.

Earned Income Credit

On his 2004 return petitioner claimed an earned income credit based on ST as a qualifying child. As relevant here section 32(c)(1)(A) provides that for purposes of qualifying for the earned income credit, an "eligible individual" is an individual who has a qualifying child for the taxable year.[5] A

---

[5]Alternatively, under sec. 32(c)(1)(A) a taxpayer may qualify as an "eligible individual" if the taxpayer has a principal place of abode in the United States for more than one-half of the tax year, is between the ages of 25 and 65 before the close of the tax year, and is not a dependent for whom a deduction is allowable. Petitioner has not claimed to be an "eligible individual" under sec. 32(c)(1)(A), nor has he met his burden of presenting sufficient evidence to qualify him as an
(continued...)

"qualifying child" is defined as an individual's child, stepchild, sibling, step-sibling, a descendant of any of these, or an eligible foster child (placed with the individual by an authorized agency) whom the individual cares for as the individual's own child; who is under the age of 19 or a student under the age of 24; and who has the same principal place of abode as the individual for more than one-half of the taxable year. Sec. 32(c)(3).

Petitioner is not related to ST and has produced no evidence that ST was placed with him by an authorized placement agency. Additionally, as we held above, petitioner has failed to prove that ST had the same principal place of abode for more than one-half of taxable year 2004. On the basis of the foregoing, with respect to petitioner, ST is not a qualifying child for purposes of the earned income credit for 2004.

We have considered all of the parties' arguments, and, to the extent they are not discussed in this opinion, we conclude that they are without merit, irrelevant, or unnecessary to reach.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[5](...continued)
"eligible individual" under sec. 32(c)(1)(A).